Nicholson, C. J.,
delivered the opinion of the court:
This suit was commenced in one of the circuit courts at Memphis, in 1871, in which plaintiffs seek to recover $8,000 from the state for money had and received by the state on the first of August, 1861, for the use of plaintiffs.
The declaration was demurred to, among other reasons because the state could not be sued, and that, therefore, the circuit court had no jurisdiction of the case.
The circuit judge sustained the demurrer, and dismissed the suit, and plaintiffs have brought the case here by writ of error.
The questions raised by the record are no- longer open in this state. After full discussion and thorough examinations in several cases, this court recently held that the act of 1.865. ch. 36 [see 34], repealing section 2807 of the Code, which authorized suits against' the state, was constitutionally passed, and is valid. [See State v. Bank of Tennessee, 3 Bax., 395, as the case most probably referred to]. Also, that the fact that plaintiffs may have had a cause of action against -the state, for which sec. 2807 furnished a remedy, before the passage of the act of 1865, does not affect the constitutionality of the act so far as it operated to take away the remedy by suit against the state. The repeal of section 2807 only took away the remedy by suit in the courts, but left in full force the remedy by application to the legislature.
These questions being settled, the judgment of the circuit court must be affirmed.